**RECORD NO. 14-4197**

IN THE

# United States Court of Appeals

### FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

ZONTA TAVARAS ELLISON,

*Defendant-Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
AT CHARLOTTE

**OPENING BRIEF OF APPELLANT
ZONTA TAVARAS ELLISON**

Leslie Carter Rawls
ATTORNEY AT LAW
Post Office Box 38325
Charlotte, NC 28278
(704) 583-1279
leslierawls@carolina.rr.com

*Counsel for Appellant*

# TABLE OF CONTENTS

Table of Authorities ........................................................................................... iii

Jurisdictional Statement ...................................................................................... 1

    Basis for District Court Jurisdiction ............................................................. 1

    Basis for Appellate Court Jurisdiction .......................................................... 1

Issues Presented For Review .............................................................................. 2

Statement of the Case .......................................................................................... 2

Summary of the Argument .................................................................................. 4

Argument ............................................................................................................. 5

    Did the trial court err by allowing Mr. Ellison to represent himself at trial without establishing that he knew the consequences of a conviction, including possible punishment, and by finding that his waiver was knowing, intelligent, and voluntary? ............................................................. 5

        Standard of Review ................................................................................ 5

        Legal Analysis ........................................................................................ 5

    Did the trial court err by not granting Mr. Ellison an adjustment for acceptance of responsibility when he admitted the charged acts but attempted to raise a defense that would have excused the conduct? ......................................... 8

        Standard of Review ................................................................................ 8

        Legal Analysis ........................................................................................ 8

Conclusion ......................................................................................................... 11

Certificate Of Compliance ................................................................................ 12


Certificate of Service ........................................................................................13

# TABLE OF AUTHORITIES

**Cases**

*Aiken v. United States,* 296 F.2d 604 (4th Cir. 1961) ............................................. 6, 8

*Faretta v. California*, 422 U.S. 806, 95 S. Ct. 2525 , 45 L. Ed. 2d 562 (1975) ........ 5

*Patterson v. Illinois*, 487 U.S. 285, 108 S. Ct. 2389, 101 L. Ed. 2d 261 (1988) ... 6, 8

*Puckett v. United States*, 556 U.S. 129, 129 S. Ct. 1423 , 173 L. Ed. 2d 266 (2009) ................................................................................................................. 10

*United States v. Frazier-El*, 204 F.3d 553 (4th Cir. 2000) ......................................... 6

*United States v. Holt*, 79 F.3d 14 (4th Cir. 1996) .................................................... 10

*United States v. King*, 582 F.2d 888 (4th Cir. 1978) ................................................. 6

*United States v. Olano*, 507 U.S. 725, 113 S. Ct. 1770 , 123 L. Ed. 2d 508 (1993) ............................................................................................................ 8, 10

*United States v. Singleton*, 107 F.3d 1091 (4th Cir. 1997) ....................................... 5

**Statutes**

18 U.S.C. § 3231 ........................................................................................................ 1

18 U.S.C. § 3742 ........................................................................................................ 1

21 U.S.C. § 841(a)(1) ............................................................................................ 1, 7

21 U.S.C. § 841(b)(1)(C) ........................................................................................... 7

21 U.S.C. § 851 .......................................................................................................... 7

28 U.S.C. § 1291 ........................................................................................................ 1

U.S. Const. amend. VI ............................................................................................... 5

**Rules**

Fed. R. App. P. 4(b) ................................................................................................... 1

Fed. R. Evid. 404(b) ....................................................................................... 7

Fed. R. Crim. P. 52(b) ................................................................................... 8

U.S.S.G. § 3E1.1 ........................................................................................... 9

U.S.S.G. § 3E1.1(a) ....................................................................................... 8

# JURISDICTIONAL STATEMENT

**Basis for District Court Jurisdiction**

Appellant Zonta Tavarus Ellison was charged in an indictment with three counts of possessing with intent to distribute a Schedule II controlled substance in violation of 21 U.S.C. § 841(a)(1). (JA 11–12) The District Court had jurisdiction over the prosecution of federal criminal offenses pursuant to 18 U.S.C. § 3231.

**Basis for Appellate Court Jurisdiction**

Mr. Ellison appeals from the trial court judgment entered by filing on 6 February 2014. (JA 513–519) He filed timely written notice of appeal on 7 February 2014. (JA 520–521) Fed. R. App. P. 4(b). The judgment disposed of all matters at issue and is a final judgment of the court. A judgment and conviction in a federal criminal case is a final order subject to appeal. 28 U.S.C. § 1291. This Court has jurisdiction over appeals from final judgments of the district court under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. Therefore, this court has jurisdiction over this appeal.

## ISSUES PRESENTED FOR REVIEW

1. Did the trial court err by allowing Mr. Ellison to represent himself at trial without establishing that he knew the consequences of a conviction, including possible punishment and by finding his waiver was knowing, intelligent, and voluntary?

2. Did the trial court err by not granting Mr. Ellison an adjustment for acceptance of responsibility when he admitted the charged acts but attempted to raise a defense that would have excused the conduct?

## STATEMENT OF THE CASE

In an indictment returned on 13 December 2011, the Grand Jury in the Western District of North Carolina charged Zonta Tavarus Ellison with three counts of possession of a Schedule II controlled substance, crack cocaine, with intent to distribute. (JA 11–12)

On 12 January 2012, Mr. Ellison had an initial appearance before the Honorable Magistrate Judge David S. Cayer. Judge Cayer appointed counsel for Mr. Ellison, Emily Marroquin (later Jones) of the Federal Defenders office. Private counsel Marcos Roberts appeared on Mr. Ellison's behalf on 6 March 2012 and Ms. Jones representation was thereafter terminated. On 10 September 2012, the Honorable Magistrate Judge David Keesler conducted an Inquiry into Status of Counsel hearing and, upon Mr. Roberts' oral motion, allowed him to withdraw. New counsel, Steven Meier, was then appointed to represent Mr. Ellison. (JA 1–4)

On 9 January 2013, Mr. Ellison's case was called for trial by jury. Before jury selection, Mr. Meier advised presiding judge, the Honorable Frank D. Whitney, that Mr. Ellison had expressed the wish to represent himself. Judge Whitney heard from Mr. Meier and inquired of Mr. Ellison about the request. The court then allowed Mr. Ellison to proceed to trial *pro se* with Mr. Meier as standby counsel. (JA 34–60) The trial evidence tended to show the following.

Charlotte-Mecklenburg police officer Charlie Davis was working undercover in a June 2011 investigation of Mr. Ellison. (JA 136 and 139) On 15 June 2011, he paid Mr. Ellison $180 for approximately 3.5 grams of crack cocaine. The sale occurred at Mr. Ellison's mother's residence on Pitts Drive in Mecklenburg County, North Carolina. (JA 140–152) On 28 June 2011, Officer Davis paid Mr. Ellison $250 for approximately 7 grams of crack cocaine. The transaction occurred at Wendy's restaurant on Freedom Drive in Charlotte, North Carolina. (JA 153–163) On 30 June 2011, Officer Davis paid Mr. Ellison $700 for approximately 14 grams of crack cocaine, a transaction that also occurred at the Wendy's. (JA 170–178) Mr. Ellison testified in his own defense. On cross-examination, he testified that on each occasion, he sold crack cocaine to Detective Davis. (JA 358–359)

Charlotte-Mecklenburg police criminalist Andrew Oprysko testified as an expert in the field of forensic chemistry. (JA 263–265) Mr. Oprysko analyzed the substances Officer Davis purchased. He concluded that the substances were 1.82

- 3 -

grams of cocaine base, 4.62 grams of cocaine base, and 11.01 grams of cocaine base. (JA 270, 272, and 274–275)

Mr. Ellison's theory of defense was entrapment, but the trial court ruled that he had not carried his burden. Mr. Ellison had requested discovery regarding a confidential informant involved in a March 2011 marijuana purchase in order to substantiate his entrapment claim. The court ruled he was not entitled to the identity, because the witness did not testify at this trial or direct officers to Mr. Ellison in June, and the March sale was unrelated. Therefore, the jury was not instructed on entrapment. (JA 226–257)

## SUMMARY OF THE ARGUMENT

1. A defendant may waive the right to counsel and proceed *pro se,* but the waiver must be knowing and voluntary. The trial court did not ensure that Mr. Ellison was aware of the consequences of self-representation, specifically the possible punishments upon conviction. Therefore, Mr. Ellison's assertion of his right to self-representation was not knowing, intelligent, and voluntary.

2. The Court accepted the presentence investigation report as the basis for its sentence. The report stated that Mr. Ellison was not entitled to an acceptance of responsibility adjustment because he had taken the case to trial without raising a constitutional issue. Neither the guidelines nor commentary to the guidelines im-

poses this limitation. Mr. Ellison's trial testimony admitted the charged conduct, but he attempted to raise an affirmative entrapment defense. Therefore, Mr. Ellison was entitled to the adjustment and the trial court erred by accepting the presentence report as written.

## ARGUMENT

**Did the trial court err by allowing Mr. Ellison to represent himself at trial without establishing that he knew the consequences of a conviction, including possible punishment, and by finding that his waiver was knowing, intelligent, and voluntary?**

*Standard of Review*

Whether a defendant effectively waived his constitutional right to counsel is a question of law subject to *de novo* review. *United States v. Singleton*, 107 F.3d 1091, 1097n 3 (4th Cir. 1997)

*Legal Analysis*

The United States Constitution guarantees a criminal defendant the right to assistance of counsel. U.S. Const. amend. VI. The United States Supreme Court has held this constitutional right includes the right to self-representation. "The Sixth Amendment does not provide merely that a defense shall be made for the accused; it grants to the accused personally the right to make his defense." *Faretta v. California*, 422 U.S. 806, 819, 95 S. Ct. 2525, 2533, 45 L. Ed. 2d 562 (1975).

- 5 -

Thus, a defendant may waive the right to counsel and assert the right to self-representation. This "assertion of the right of self-representation … must be (1) clear and unequivocal; (2) knowing, intelligent, and voluntary; and (3) timely." *United States v. Frazier-El*, 204 F.3d 553, 558 (4th Cir. 2000).

Although "no particular form of interrogation is required," the trial court must "make the defendant aware of the dangers and disadvantages of self-representation." *United States v. King*, 582 F.2d 888, 890 (4th Cir. 1978). In *Patterson v. Illinois*, 487 U.S. 285, 292-93, 108 S. Ct. 2389, 101 L. Ed. 2d 261 (1988), the Supreme Court explained that the "key inquiry" in determining whether waiver of the right to counsel was knowing, intelligent, and voluntary "must be: Was the accused … made sufficiently aware … of the possible consequences of a decision to forgo the aid of counsel?" This Court has held that ensuring awareness of the consequences includes making the defendant aware of possible punishments. This Court said, "At a minimum, the district court should, before permitting an accused to waive his right to counsel, explain the charges *and the possible punishments* …." *Aiken v. United States,* 296 F.2d 604, 607 (4th Cir. 1961) (Emphasis added.) Thus, *King* and *Aiken* place the duty of inquiry on the trial court, which may not presume that trial counsel has fully advised a defendant regarding the possible sentence.

When Mr. Ellison expressed his wish to represent himself, the trial court conducted an inquiry regarding the Federal Rules of Criminal Procedure, the Federal Rules of Evidence, 404(b) evidence, and myriad other matters, but never mentioned possible punishments Mr. Ellison faced if convicted. The court's only mention of sentencing was in response to Mr. Ellison's raising concerns about the enhancement sought by the government per 21 U.S.C. § 851. In response, the trial court said:

> THE COURT: If you're convicted in this trial, then there will be sentencing hearing. It will be many months down the line because there will be a Presentence Report. You can argue that those convictions do not qualify under 851. I mean can't speak for Mr. Meier, but my guess is Mr. Meier reviewed the law on those convictions and he feels that they do qualify, and then he didn't want to file something that he views as frivolous. And I don't want him to say anything because that would be improper because there's attorney-client communication. But I'm presuming that knowing Mr. Meier, he's acting ethically, so that's why he might not have done what you asked him to do. Nonetheless, that's your beef, if your concern is about the 851 notice, it's not really ripe yet.

JA 71–72

Mr. Ellison was tried on three counts of possessing with intent to distribute a Schedule II controlled substance in violation of 21 U.S.C. § 841(a)(1). (JA 11–12) He faced possible incarceration for 90 years, a thirty-year maximum on each count. 21 U.S.C. § 841(b)(1)(C) and 21 U.S.C. § 851. Although the trial court could not be expected to provide the detail of a presentence report, it was incumbent upon

- 7 -

the court to "explain the charges and the possible punishments …." to ensure that Mr. Ellison was voluntarily electing to represent himself. *Aiken, supra.* Before allowing Mr. Ellison to represent himself, the trial court was required to advise him of the possible 90-year maximum punishments so he would be aware "of the possible consequences of a decision to forgo the aid of counsel." *Patterson, supra.* Without the court's determining that Mr. Ellison was aware of the possible consequence of significant punishment, it was error to find that Mr. Ellison's choice to represent himself was knowing and voluntary and to allow him to proceed *pro se*.

**Did the trial court err by not granting Mr. Ellison an adjustment for acceptance of responsibility when he admitted the charged acts but attempted to raise a defense that would have excused the conduct?**

*Standard of Review*

Since there was no trial objection, this issue is reviewed for plain error, "error that is plain and affects substantial rights." *United States v. Olano*, 507 U.S. 725, 732, 113 S. Ct. 1770, 1776, 123 L. Ed. 2d 508 (1993); Fed. R. Crim. P. 52(b).

*Legal Analysis*

The sentencing guidelines allow a two level reduction "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense, …" U.S.S.G. § 3E1.1(a). The guideline commentary states that a defendant's exercising his right

- 8 -

to trial does not automatically negate the availability of this reduction. Paragraph two of the commentary provides:

> This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse. Conviction by trial, however, does not automatically preclude a defendant from consideration for such a reduction. In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial. This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (e.g., to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct). In each such instance, however, a determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct.

U.S.S.G. § 3E1.1, commentary 2.

In the present case, Mr. Ellison admitted in his testimony that the sales had occurred. (JA 358–359) He attempted to raise an entrapment defense and the trial court ruled that he had not satisfied his burden. (JA 226–257) Thus, he did not deny the essential factual elements of the offense. Rather, he raised a defense to acts that he admitted. Under the commentary, he was entitled to have the two-point reduction.

The presentence report states, "Since this case involved a jury trial and the defendant's defense did not raise a constitutional issue, this adjustment does not apply." (JA 525) The statement is incorrect and the trial court erred when without

- 9 -

making, or at least considering, the adjustment, it stated, "The Court will adopt the information contained in the Presentence Report for calculating the advisory guidelines." (JA 487) This Court has stated that a defendant "could obtain a downward adjustment for acceptance of responsibility even after putting the government through its burden of proving its case at trial, as long as [the defendant] went to trial to preserve issues unrelated to factual guilt." *United States v. Holt*, 79 F.3d 14, 17 (4th Cir. 1996) In *Holt,* this Court said that the trial court understood that a downward adjustment was possible but rejected it. In the present case, the presentence report language, adopted by the trial court, incorrectly states that Mr. Ellison was not entitled to have the adjustment considered on grounds that are contrary to the guidelines and to this Court's explanation in *Holt.*

The trial court's failure to grant, or even consider, an adjustment for acceptance of responsibility constitutes plain error. Plain error requires "(a) an error, (2) that is plain, (3) that affects the defendant's substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Puckett v. United States*, 556 U.S. 129, 135, 129 S. Ct. 1423, 1429, 173 L. Ed. 2d 266 (2009), citing *Olano, supra.* To deny Mr. Ellison this adjustment because he had not raised a constitutional issue was error that is plain. It affected his substantial rights in that he was not sentenced according to the law. Finally, the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings,"

- 10 -

because to allow the presentence report to set a sentencing standard contrary to the guidelines is to allow the crafting of sentences in a manner not authorized by law.

## CONCLUSION

Now, therefore, Mr. Ellison prays this Court:

1. Hold that the trial court committed reversible error by allowing Ellison to represent himself at trial without establishing that he knew the consequences of a conviction, including possible punishments, and his waiver therefore was not knowing, intelligent, and voluntary;

2. Hold that the trial court committed plain error and reversible error by not granting Mr. Ellison an adjustment for acceptance of responsibility when he admitted the charged acts but attempted to raise a defense that would have excused the conduct; and

3. Grant Mr. Ellison such other and further relief as the Court deems just and proper.

Respectfully submitted, this the 22nd day of July 2014.

/s Leslie Carter Rawls
Leslie Carter Rawls
Attorney at Law
N.C. State Bar #11066
P.O. Box 38325
Charlotte, NC 28278
704-583-1279

- 11 -

## CERTIFICATE OF COMPLIANCE

I.   This brief has been prepared using fourteen point, proportionally spaced typeface, specifically Microsoft Word 2000, Courier New, 14 point.

II.  Exclusive of the table of contents, table of authorities; statement with respect to oral argument; any addendum containing statutes, rules or regulations; and the certificate of service, this brief of the appellant contains:

      11 Pages

      2484 Words

I understand that a material misrepresentation can result in the Court's striking this brief and imposing sanctions. If the Court so directs, I will provide an electronic version of the brief and/or a copy of the word or line printout.

*[signature]*
_____
Leslie Carter Rawls

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing Appellant's Brief by

ECF service to the government:

> **For Appellee United States:**
> Amy E. Ray
> Assistant United States Attorney
> usancw.appeals@usdoj.gov

This the 22nd day of July 2014.

/s Leslie Rawls